## SUPREME COURT.

HORACE PERKINS, respondent, agt. LE ROY FARNHAM, appellant.

A *judgment* entered on *demurrer* to an *answer* not constituting a *counter-claim*, and by stipulation of counsel for both parties, an *appeal* brought to review that judgment, while questions of fact were pending and undecided in the action,

*Held,* that the appeal be dismissed; because the cause had not been finally disposed of—there had not been a *final judgment* in the action. And the par-

ties could not stipulate a judgment, without disposing of the issues, for the purpose of enabling one of them to appeal, so as to obtain the decision of the court upon an intermediate *order*.

Besides, *it seems*, that such a judgment is a *nullity*, because entered upon a decision of a demurrer to an *answer not* constituting a *counter-claim*.

*Erie General Term, May*, 1854.
MARVIN, P. J., BOWEN and GREEN, J. J.
Appeal from recorder's court of the city of Buffalo.

I. T. WILLIAMS, *for plaintiff.*
B. F. AUSTIN, *for defendant.*

By the court.—MARVIN, P. Justice.    This is a strange case, and in a strange condition; and I have been at considerable loss in determining what to do with it.    The complaint states two causes of action.    1.  That Savage and others commenced an action against the plaintiff to recover the possession of certain personal property, specifying it, that the defendant, as sheriff, took the property out of the possession of the plaintiff, and that thereupon the plaintiff gave to the sheriff the written undertaking, pursuant to section 211 of the Code, and required the return of the property to him, the plaintiff; but the defendant refused and neglected to deliver the property to him. 2.  Cause of action; that the defendant being sheriff by color of his office, with force and arms, took from and out of the possession of the plaintiff certain property, specifying it, in which the plaintiff had a special property, &c., and refused and neglected to deliver the property to the plaintiff.

The defendant denied all the allegations in the complaint, and then, by way of new matter, alleged that the plaintiff never owned or had any interest in the property, except that he was employed as a common carrier by Savage and others to carry the goods from Albany to Buffalo, and there to deliver them to Savage and others on their paying the freight, &c., and then averring the payment of part of the freight, &c., and a tender of the residue, which the plaintiff refused to accept, and averring that this was all the interest, right, or claim, that the plaintiff had, or ever had in the goods.

The plaintiff demurred to the answer, stating new matter.

These pleadings were made subsequent to the amendments of the Code in 1852. The recorder's court of the city of Buffalo ordered judgment for the plaintiff upon the demurrer, with leave to the defendant to amend said answer on payment of $22 costs.

The parties then stipulated that the plaintiff might enter up judgment for the costs of the demurrer in the action, that the judgment should be a good and valid judgment to all intents and purposes, saving, however, the right of the defendant to appeal therefrom to the supreme court; that such appeal should be to all intents and purposes a good and valid appeal, with the same rights and liabilities of the parties as if such appeal were taken from a final judgment after trial by jury; that the stipulation should not be construed to take away any right that the defendant might have, in case the judgment had been so entered, after trial by jury as aforesaid, the stipulation having been made to enable the defendant to take the appeal.

The judgment was then entered in the recorder's court by virtue of the order upon the demurrer and the stipulation. It is entered as a final judgment for $24.31; and thereupon the defendant appealed to this court. The defendant asks for a reversal of the judgment, and the plaintiff that it be affirmed.

This is indeed a very strange record; but I think it will not be very difficult to dispose of the appeal.

It is, I think, now well settled that the plaintiff cannot demur to an answer which does not contain new matter constituting a counter-claim. The authority to demur to an answer is contained in section 153, and for a construction of that section see the cases referred to under that section in *Voorhies's Supplement to the Code, p.* 93.

In *Roosa agt. The S. & W. R. R. Co.*, (8 *How. Pr. R.* 237,) Justice HARRIS held that a demurrer to an answer, not containing new matter constituting a counter-claim, is a nullity. He said it was void, and he thought the judgment that had been rendered upon it was void. (*See also* 8 *How. Pr. R.* 234.) Nothing is a pleading now unless it is authorized by the Code. It has been repeatedly held in this district that there is no

Perkins agt. Farnham.

authority to demur to such an answer, and I have uniformly refused to hear the argument upon such demurrer. When they have come up before me, I have refused to hear them argued, and have simply set the demurrer aside, thus relieving the parties from their difficulty.

I should so have disposed of this demurrer. The defendant ought to have moved the court to set aside the demurrer as unauthorized by the Code, or he might, in my opinion, have disregarded it. But suppose that the only question in the case, and that final judgment had been rendered upon the demurrer in the recorder's court, what would be our duty upon appeal, assuming that no objection was made to the demurrer in that court? Should we examine the answer, and decide whether it was sufficient? or should we hold simply that the judgment of the recorder's court was void, as having been pronounced upon an issue of law which our system of pleadings does not permit? Justice HARRIS thinks the judgment void. The respondent's counsel does not attempt to sustain his judgment upon the order of the court upon the demurrer alone, but he claims that it stands upon the stipulation, and that this court should examine the answer demurred to, and decide whether it contains facts constituting a defence.

The defendant, on the other hand, claims that the demurrer was unauthorized, and he asks a reversal of the judgment without regard to the sufficiency of the answer. The stipulation is, that the plaintiff may enter up judgment for the costs of the demurrer, &c.

In the judgment the order and stipulation are referred to, and sufficiently recited, and that the costs have been adjusted at $24.31, and then "judgment final is ordered by the court for the said sum of $24.31 in favor of the plaintiff and against the defendant, and that the plaintiff have execution therefor." The plaintiff's counsel supposes that this court will regard the judgment as " *good and valid*," because the stipulation says it shall be, notwithstanding we might hold that the judgment upon the demurrer was a nullity. The defendant's counsel supposes, that as he has reserved the right to appeal, this court

Perkins agt. Farnham.

will pass upon the question of the right to demur to the answer without regard to the question, whether the decision of the recorder's court upon the sufficiency of the answer was right or wrong. The issue of fact, joined by the answer, denying the allegations in the complaint, have not been tried or disposed of. The parties have attempted to bring the cause, in an unfinished state, into this court upon appeal, and in my opinion this court ought not to entertain it. The parties ought not to be permitted by a stipulation to bring before this court an order made by the recorder's court upon a demurrer, which did not by a final judgment dispose of the cause in that court.

An appeal may be taken to the supreme court from the judgment rendered by the recorder's court. (*Code*, § 344.) This means the final judgment of the court—a judgment making a final disposition of the cause. It may perhaps be said that this judgment is *final;* it is so declared in the judgment. But the record shows the order upon the demurrer, and the stipulation, and the judgment is founded upon them, and entered undoubtedly without any direct application to the court. By section 329 of the Code, upon an appeal from a judgment, the court may review any intermediate order involving the merits, and necessarily affecting the judgment. This shows that the appeal must be from the final judgment, and then the intermediate order may be reviewed. In the present case, I think the appeal should be dismissed. The parties should go into the recorder's court and have the issues finally disposed of. They cannot bring the cause by stipulation into this court, or stipulate a judgment, without finally disposing of the issues, for the purpose of enabling one of the parties to appeal, so as to obtain the decision of this court upon an intermediate order. The appeal should be dismissed, but without costs. The parties have acted by agreement in bringing the cause, in its unfinished state, into this court, and no costs should here be allowed. The recorder's court has full power to give relief touching the judgment that has been entered.

Appeal dismissed without costs.